JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF WITT and JOSEPH BIRBIGALIA, Derivatively on Behalf of Nominal Defendants MULLEN AUTOMOTIVE, INC., f/k/a NET ELEMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DAVID MICHERY, IGNACIO NOVOA, MARY WINTER, KENT PUCKETT, MARK BETOR, WILLIAM MILTNER, JONATHAN NEW, and OLEG FIRER,<br><br>Defendants,<br><br>and<br><br>MULLEN AUTOMOTIVE, INC., f/k/a NET ELEMENT, INC.,<br><br>Nominal Defendant. | Case No.: CV 22-5336-DMG (AGRx)<br><br>**ORDER CONSOLIDATING RELATED ACTIONS, ACCEPTING SERVICE, AND APPOINTING CO-LEAD COUNSEL [15]** |
| HANY MORSY, derivatively on behalf of MULLEN AUTOMOTIVE, INC., | Case No.: CV 22-7139-DMG (AGRx) ✓ |

- 1 -

|  |
|---|
| Plaintiff, |
| v. |
| DAVID MICHERY, IGNACIO NOVOA, MARY WINTER, KENT PUCKETT, MARK BETOR, WILLIAM MILTNER, JONATHAN NEW, JERRY ALBAN, and OLEG FIRER, |
| Defendants, |
| and |
| MULLEN AUTOMOTIVE, INC., |
| Nominal Defendant. |

The Stipulation Consolidating Related Actions, Accepting Service, and Appointing Co-Lead (the "Stipulation") having been considered, and good cause appearing therefor, IT IS HEREBY ORDERED that:

1. Defendants David Michery, Ignacio Novoa, Mary Winter, Kent Puckett, Mark Betor, William Miltner, Jonathan New, Jerry Alban, and Mullen Automotive, Inc. f/k/a Net Element, Inc. (the "Stipulating Defendants"),[1] waive service of the Summons and Complaint in the Related Derivative Actions (to the extent that service has not yet been perfected on any Stipulating Defendant) and waive any defense based upon the sufficiency of service of process, provided, however, that no other defense to the claims in the Related Derivative Actions, including but not limited to defenses based upon lack of personal or subject matter jurisdiction, lack of standing, improper venue, or a defendant having been improperly named, is prejudiced or waived by the

---

[1] Defendant Oleg Firer is not a party to this Stipulation.

1  execution of, agreement to, or filing of the Stipulation, or by the agreement to accept
2  service in the Related Derivative Actions.

3      2.    The following actions are consolidated for all purposes, including pre-trial
4  proceedings and trial, under Case No: CV 22-05336-DMG (AGRx) (hereinafter, the
5  "Consolidated Action"):

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Witt, et al. v. Michery, et al.* | 2:22-CV-05336-DMG-AGR | August 1, 2022 |
| *Morsy v. Michery, et al.* | 2:22-CV-07139-DMG-AGR | September 30, 2022 |

    3.    Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. DERIVATIVE LITIGATION | Lead Case No. CV 22-5336-DMG (AGRx) |
| This Document Relates to:<br><br>    ALL ACTIONS | |

    4.    All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. CV 22-5336-DMG (AGRx).

    5.    Co-Lead Counsel for Plaintiffs Jeff Witt, Joseph Birbigalia, and Hany Morsy ("Plaintiffs") for the conduct of the Consolidated Action shall be:

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300

Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

6. Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7. Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any Plaintiffs except through Co-Lead Counsel.

8. The Stipulating Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs in the Consolidated Action.

9. This Order shall apply to each related shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or events as the Consolidated Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re Mullen Automotive, Inc. Derivative Litigation*, Lead Case No. CV 22-5336-DMG (AGRx), is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, counsel to Plaintiffs and

Stipulating Defendants shall call to the attention of the Clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Mullen Automotive, Inc. Derivative Litigation*, Lead Case No. CV 22-5336-DMG (AGRx), and counsel to Plaintiffs and Stipulating Defendants are to assist in assuring that counsel in subsequent actions receive notice of this Order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all later shareholder derivative actions filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court.

10. All papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Action.

11. Plaintiffs and Stipulating Defendants shall file a proposed schedule in the Consolidated Action, within thirty (30) days of the date that the Court enters this Order, and the Stipulating Defendants need not respond to the complaints in either the *Witt* Action or *Morsy* Action until the date set forth in the Court's Order regarding the forthcoming proposed schedule.

12. The Stipulation is without waiver of or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Derivative Actions.

13. The *Morsy* action, 2:22-CV-07139-DMG-AGR, shall be administratively closed. All material documents filed in Case No. 2:22-CV-07139-DMG-AGR are deemed to have been filed in the consolidated case.

**IT IS SO ORDERED.**

DATED: November 8, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE